**Michael Herbert SINGH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 44092.**

Missouri Court of Appeals,
Western District.

June 25, 1991.

Toni Meyer, Asst. Public Defender, Fulton, for appellant.

William L. Webster, Atty. Gen., Jonathan Daniel Edelman, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and TURNAGE and FENNER, JJ.

LOWENSTEIN, Judge.

Singh's pattern for abrupt endings to his marriages has led to this appeal. While serving in the fifth year of a 10 year manslaughter sentence for killing a wife, he escaped, remarried and killed this wife. He pled not guilty by reason of a mental disease, and in 1982 was committed under § 552.040.2, RSMo 1986 to the Fulton State Hospital, having been found a danger to society.

He now has filed an application under § 552.040.9 for a conditional release from the Department of Mental Health, and, after a hearing, the court found his mental illness "in remission on medication" the court 1) granted a conditional release to the Department of Corrections to complete his "outstanding sentence," 2) on condition he continue to take his prescribed medicine, and, 3) on completion of the sentence in Corrections, he be returned to Mental Health. It is part 3) of the Order that gives rise to this appeal. Singh states the evidence was insufficient to show he was or would still be a danger to self or others at the finish of his prison sentence and should then be released.

Singh was diagnosed as a chronic paranoid schizophrenic. His request was for a conditional release under § 552.040.9, which specifically provides for "the conditions and *duration* of the proposed release ..." (Emphasis added.) The law among other things requires the court to consider the offense subsequent behavior nature of the release plan with the burden on the opposing party to prove by clear and convincing evidence the person is likely to be dangerous to others on conditional release. Section 552.040.11. *Handy v. Holcomb,* 773 S.W.2d 862, 863 (Mo.App.1989).

Although Singh had not been violent, and could best be characterized as a "snitch." in the Biggs House, the court felt it could

**2**

release him conditionally to the structured environment of the corrections system if he continued taking his medication. It clearly said he would not be granted a "conditional release and allow him to go into the community."

It cannot be said this court has a firm belief the judgment was wrong. *State v. Terry*, 682 S.W.2d 889, 892 (Mo.App.1984).

By way of a reply brief Singh quarrels that the court was without jurisdiction even to order him to corrections. This assertion is untimely, without authority and without merit.

Upon any release, Singh would have to be delivered to the custody of the Department of Corrections to complete his prison sentence. The nature of a conditional release requires some later determination before an unconditional release. That determination can be made on application after the service of sentence. The judgment is affirmed.